UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIM HUTER, | : | Case No. 2:13-cv-0351 |
| | | (Judge Frost) |
| Plaintiff, | : | (Magistrate Judge King) |
| vs. | : | **AGREED PROTECTIVE ORDER** |
| SKYLINE CHILI, INC. | : | |
| Defendant. | : | |

Documents and information produced by a party in this litigation may be confidential and proprietary in nature. The revealing or dissemination of confidential documents or information by whatever means creates a risk that the documents or information will be obtained and used in a manner which would damage the interests of that party or another entity not a party to this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following protective conditions shall apply to the conduct of discovery of proprietary or confidential information in this litigation.

1. All personnel files, business records, and financial records of Defendant which do not constitute public records shall be held strictly confidential by all parties and counsel.

2. If the Producing Party provides the Receiving Party with confidential documents and/or information, the Producing Party may mark the document, article, or thing containing such information with the designation:

**CONFIDENTIAL**

Multiple page documents shall be deemed to have been sufficiently marked confidential if so marked on the first page.

3.      Access to and disclosure of confidential documents and/or information pursuant to this Agreed Protective Order shall be limited to:

    (a) the Court (including court personnel and court reporters);

    (b) the parties;

    (c) outside trial counsel of the Receiving Party and their respective staffs as well as insurance representatives;

    (d) Deponents and potential witnesses, if the confidential information is relevant to their involvement; and

    (e) outside experts or outside consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case.

Each such outside expert or outside consultant shall execute a Non-Disclosure Agreement in the form annexed hereto prior to the disclosure of any information and/or documents designated as confidential. A copy of each executed Non-Disclosure Agreement shall be provided to each party's legal counsel upon request. It is specifically understood and agreed to between the parties that any confidential materials so designated pursuant to this Agreed Protective Order are to be used only for the specific purposes of this litigation and not for the business purposes or intentions of the various parties. Violation of this Agreed Protective Order shall subject the violating party to sanctions, court costs, attorney's fees incurred by the offended party, and actual damages sustained by the offended party for which this Court shall retain jurisdiction.

4.      Confidential documents and information previously produced by a party shall be reproduced by the Receiving Party only when necessary for a specific purpose related to this action.

5. The parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Such motion may be granted upon a showing of good cause. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL."

6. In the event that any such document and/or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. To the extent that any of those present are not designated persons as defined herein, or are designated persons who have not previously been shown this Agreed Protective Order, the applicable provisions of this Order shall be carried out.

7. All parties, after having complied with the local rules, shall submit to the U.S. District Court for the Southern District of Ohio for resolution any disputes regarding this Agreed Protective Order. This Agreed Protective Order may be modified for good cause shown upon motion by any party or by agreement of the parties upon the approval of the Court.

8. The ultimate disposition of confidential materials is subject to a final order of the Court on the completion of litigation. Unless otherwise directed by the Court, the parties agree that counsel herein shall collect and return all original and reproduced confidential documents and information to the party originally producing such documents and information or attest by written confirmation to their destruction, subject to the continuing obligations of this Agreed

Protective Order. Counsel shall either turn over to the party originally producing the documents and information or destroy all copies, notes, abstracts, or summaries of said documents and information, and shall secure the return of all confidential documents and information from those designated persons to whom such documents and information were in any way made available, as well as from those persons not designated herein to whom such documents and information were made available pursuant to the written consent of the parties. Counsel shall ascertain that all such copies, notes, summaries or abstracts of documents and information in the possession of designated persons shall have been returned or destroyed. Counsel shall include in the aforementioned written confirmations a description in detail of the manner of destruction, and certify that all documents and information have been returned or destroyed, and that all copies, notes, summaries, abstracts or other similar reproductions of documents or information have been returned or destroyed.

9. The provisions of this Agreed Protective Order shall survive the final termination of this litigation with respect to any retained confidential information. To the extent that compliance with the provisions of this Order shall appear to present practical obstacles to the expeditious trial of this matter, the parties shall use their best efforts to insure the protection of the documents and information and shall also attempt to reach an accommodation respecting any terms hereof.

_____
Magistrate Judge Norah McCann King

6/3/13

/s/ Anthony J. Caruso
Anthony J. Caruso (0040773)
Megan B. Hall (0086621)
Kohnen & Patton LLP
*Attorneys for Defendant Skyline Chili, Inc.*
201 East Fifth Street, Suite 800
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
tcaruso@kplaw.com
mhall@kplaw.com


/s/ Erica Ann Probst (via e-mail authorization 5/29/13)
Erica Ann Probst (0073486)
Kemp, Schaeffer & Rowe Co., LPA
*Attorney for Plaintiff*
88 West Mound Street
Columbus, Ohio 43215
(614) 224-2678 or Fax (614) 469-7170
erica@ksrlegal.com

4823-1725-5189.1